# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF THE STATE OF OKLAHOMA

| | | |
|---|---|---|
| 1.  BEN F. ADKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. CIV-18-663-R |
| v. | ) | |
| | ) | |
| 1.  LSB INDUSTRIES, INC., | ) | |
| d/b/a LSB CHEMICAL, LLC | ) | ADA CLAIM |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | ATTORNEY LIEN CLAIMED |

## COMPLAINT

**COMES NOW THE PLAINTIFF**, and for his cause of action, herein alleges that:

## PARTIES

1. The Plaintiff is Ben Adkins, an adult male over the age of sixty (60) residing in Oklahoma County, Oklahoma.

2. The Defendant is LSB Industries, Inc., d/b/a LSB CHEMICAL, LLC, a foreign for profit business corporation doing business throughout the State of Oklahoma.

## JURISDICTION AND VENUE

3. This is a cause of action for discrimination based on age, including termination, in violation of the Age Discrimination Act (ADEA), 29 U.S.C.§ 621, *et. seq.*, and the Oklahoma Anti-Discrimination act. Jurisdiction is proper in this Court under 29 U.S.C. §§ 626(c), 1132(e) and 28 U.S.C. §1331, §1367(a).

4. All of the actions complained of occurred in Oklahoma County, Oklahoma and the Defendant may be served in that county. Oklahoma County is located in

the Western District of the United States District Courts for Oklahoma such that venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. Plaintiff was initially hired on or about January 5, 1998 and was terminated by the Defendant on or about December 6, 2016.

6. Defendant at all relevant times employed more than twenty (20) employees in each week of the year before, during and after the Plaintiff's termination.

7. At the time of his termination, Plaintiff was approximately sixty-five (65) years old.

8. Plaintiff was employed as a Credit Manager by the Defendant at the time of his termination.

9. Plaintiff held the qualifications required for his position and was performing in a satisfactory manner.

10. Plaintiff was involuntarily terminated from his job position.

11. Plaintiff's position continued to exist after his termination. Plaintiff was replaced in his job title and duties by a person significantly younger than the Plaintiff and believed to be more than thirty (30) years younger than the Plaintiff.

12. Plaintiff's age was a determining factor under state and federal law in deciding to terminate the Plaintiff.

13. As background, on or about February 2016, Plaintiff was told by his supervisor, Brian Lewis that there was likely to be a layoff of either the

        Plaintiff's position or employee, James Lawson's position. The Plaintiff had been training Mr. Lawson (approximately early thirties) in the position of assistant credit manager. Mr. Lawson had worked for the company for approximately one (1) year at the time of Plaintiff's termination. Mr. Lewis advised Plaintiff that Defendant would offer a separation package of two (2) weeks pay for each year of service up to a twenty (20) year maximum. Based on the represented severance package, Plaintiff advised Mr. Lewis that he could handle the layoff better than Mr. Lawson, who had a family with young children and no seniority and Plaintiff wold accept the severance package described.

14. Approximately mid-November, 2016, Plaintiff inquired with his new supervisor, Kristy Carver (approximately ten (10) or more years younger than Plaintiff) about his continued employment with Defendant as he had not heard any information as to whether he or James Lawson would be losing their employment with Defendant. The Plaintiff went to Ms. Carver's office during this period to clarify Defendant's intentions. Ms. Carver informed Plaintiff there was no severance program for Plaintiff, because Plaintiff was retiring at which point Plaintiff confirmed that he was not retiring. Plaintiff also confirmed in writing on or about December 6, 2016 that he was not retiring.

15. On or about December 6, 2016, the afternoon directly following Plaintiff's written confirmation to Defendant that he was not retiring, Plaintiff was involuntary terminated and was tendered a severance package which was not

      the amount that had been told to Plaintiff. James Lawson was retained for the position of credit manager.

16. As the direct result of Defendant's action Plaintiff suffered lost earnings, past, present and future, lost benefits including retirement benefits, dignitary harms and other compensable losses for which Plaintiff is entitled to monetary relief.

17. Because the actions of the Defendant were in willful violation of the Age Discrimination in Employment Act, Plaintiff is entitled to liquidated damages in an amount equal to his wage and benefit loss from termination through the date of trial.

18. Plaintiff exhausted all state and federal requirements under the ADEA and OADA by filing a charge of discrimination with the EEOC on or about May 3, 2017, asserting discrimination based on his age. This suit was filed more than sixty (60) days after the filing of the ADEA charge of discrimination as is authorized by the ADEA. As such all administrative requirements of the OADA have been satisfied.

## COUNT I

Plaintiff incorporates all prior allegations and further alleges that:

19. Discrimination based on age is contrary to both the ADEA and the OADA.

20. As a direct result of such action Plaintiff has suffered loss income, past, present and future.

21. Under the ADEA and OADA, Plaintiff is entitled to recover all of his lost income and benefits, past, present and future and to the equitable relief

reinstatement.

22. Because the actions of the Defendant were willful Plaintiff is entitled to recover liquidated damages in the amount of all lost wages and benefits through the date of trial.

23. Under the OADA, Plaintiff is entitled to recover liquidated damages in an amount equal to his lost wages and benefits without a finding of willfulness.

## **PRAYER**

**WHEREFORE**, Plaintiff prays that he be awarded his actual, liquidated and/or punitive damages, herein, together with costs, pre-and post-judgment interest and attorney's fees, and any other relief as may be appropriate.

**RESPECTFULLY SUBMITTED THIS 10th  DAY OF JULY, 2018.**

        **HAMMONS, GOWENS, HURST
        & ASSOCIATES**

        s/ Mark Hammons
        Mark Hammons, OBA #3784
        325 Dean A. McGee Avenue
        Oklahoma City, Oklahoma 73102
        Telephone: (405) 235-6100
        Facsimile: (405) 235-6111
        amberashby@hammonslaw.com
        *Counsel for Plaintiff*